UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY MESSENGER,<br>                Plaintiff,<br>-v-<br>COMMISSIONER OF SOCIAL SECURITY,<br>                Defendant. | No. 1:24-cv-527<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Kimberly Messenger filed this lawsuit to appeal the denial of social security benefits. The Magistrate Judge issued a report recommending the Court affirm the Commissioner's decision (ECF No. 16). Plaintiff filed objections (ECF No. 17). The Court will adopt the report and recommendations.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff has not persuaded the Court to modify or reject any portion of the report and recommendation. In the report, the Magistrate Judge identified and discussed the three issues raised in Plaintiff's initial brief: (1) the ALJ's RFC finding was erroneous, (2) ALJ erred

by failing to find additional severe impairments at step 2, and (3) ALJ's decision relied on jobs the VE identified that are obsolete or inappropriate for Plaintiff's RFC. The Magistrate Judge set forth factual findings and legal authority in addressing each of the alleged errors. The Court has carefully reviewed Plaintiff's objections. Plaintiff does not identify particular errors, factual or legal, in the report and recommendation. Rather, Plaintiff reiterates the arguments raised in the initial brief and disagrees with the manner in which the Magistrate Judge resolved the issues. Plaintiff has not demonstrated any error by the ALJ or in the review by the Magistrate Judge concerning the weighing of evidence. Plaintiff has not demonstrated a reversible error based on the ALJ's determination at step 2. Because the ALJ found a severe impairment, the ALJ had to consider all of Plaintiff's alleged impairments as part of the RFC determination. For the third issue, Plaintiff concedes that counsel at the hearing failed to raise the issue asserted here and concedes that the Magistrate Judge followed the law.

Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 16).

**IT IS SO ORDERED.**

Date:   February 10, 2025                         /s/  Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge